LILES, Acting Chief Judge.
This is an appeal from an order of the county judge of Pasco County denying the revocation of probate of the will of Della Swan, deceased.
This cause was previously before this court where we approved a compromise and settlement agreement between the executor of the Estate of Della Swan and certain heirs of the decedent’s husband, Theodore *733 Swan. Sturm v. Gibson, 159 So.2d 917 (D.C.A.Fla.1964).
Della Swan was a resident of Florida at the time of her death and executed a will wherein she named Wayne Gibson executor of the estate and the beneficiary of a ranch owned by hér in Pasco County, Florida. Wayne Gibson had been her foreman on a ranch previously owned by Mrs. Swan in New Mexico and had occupied the same dwelling house of the deceased for some time prior to her death. The will also named the contestant heir, Clark Sturm, as a residuary legatee and left him the sum of $5,000.00 as a cash legacy. During the pendency of the probation, Clark Sturm filed his petition seeking revocation of probate, and after taking testimony in the cause the court entered its order refusing to revoke the probation of the will.
The main thrust of contestant’s argument for revocation is undue influence exerted upon the testatrix by Wayne Gibson and is directed to the devise of the ranch located in Pasco County, Florida, to Wayne Gibson.
We are familiar with the rule laid down in Heasley v. Evans, 104 So.2d 854 (D.C.A. Fla. 1958) which enunciates the rule that in order to invalidate a will because of undue influence, such influence must amount to:
“ * * * over-persuasion, duress, force, coercion, or artful or fraudulent contrivances to such a degree that there is destruction of the free agency and will power of the one making the will. Mere affection, kindness, or attachment of one person for another may not of itself constitute undue influence. * * * ”
We are likewise familiar with the rule that mere confidential relationship without more does not amount to undue influence, and also the rule that one who occupies a confidential relationship with a testator and was active in the procurement of a will creates a presumption of fact that the will is the result of undue influence, and the burden will be upon the beneficiary to show that such influence was not exercised.
We have meticulously searched the record and find that there was certainly a confidential relationship between Wayne Gibson and the testatrix. However, we fail to find that Wayne Gibson participated in the procurement of the execution of the will. His only act was to drive the testatrix to the lawyer’s office, and according to the testimony of the lawyer who drew the will, Wayne Gibson was not present when the will was executed nor did he know its contents until the death of Mrs. Swan. There was some testimony that Wayne Gibson recommended the attorney who drew the will but as is the county judge’s prerogative, he chose either to disregard this testimony or find that this was not sufficient to show that Wayne Gibson procured the execution of the will. We are in accord with this finding.
The fact that the county judge may or may not have made a statement that he did not consider some of the evidence in making his decision is immaterial. He was the trier of the facts and his decision will be given the same weight as any other trier of fact and unless there is a “palpable misconception of fact or manifest misapprehension or misapplication of law” his decision will not be disturbed.
For the foregoing reasons the probate court’s order denying revocation of probation is hereby affirmed.
HOBSON, J., and OVERTON, BEN F., Associate Judge, concur.