MANN, Judge.
Clara Hill was the discarded but not divorced wife of Jim Hill, who before his death was employed by the Atlantic Coast Line Railroad and insured under a group life policy. Summary judgment in favor of Rebecca Hill, legally Rebecca Parker, who lived with Jim Hill as his wife and bore his youngest child, was predicated on an affidavit showing that Hill had designated Rebecca as his beneficiary and resisted on the ground that there is a presumption of undue influence which must be overcome before a paramour may recover the proceeds of insurance.
Beatty v. Strickland, 136 Fla. 330, 186 So. 542 (1939) was an affirmance of findings on ample evidence that a mistress had in business affairs generally exercised strong influence on the insured. Comments in that opinion were extended in Benner v. Pedersen, Fla.App.1962, 143 So.2d 722, in which this Court affirmed a judgment awarding insurance proceeds to a widow where the mistress of the insured was held to bear the burden of proving an absence of undue influence as the procuring cause of a change in beneficiary.
This case involves an initial designation of beneficiary of a group life insurance policy provided in connection with the employment of the deceased and there is nothing in the record to suggest that the occasion for the designation was anything other than a routine request at the place of employment, to which the insured responded that Rebecca, his “wife” should receive the proceeds in the event of his death. We would not extend Beatty and Benner, which involved changes of beneficiary in each instance from a wife to a mistress who is shown by ample evidence to have held, and in other matters alt least to have exercised, undue influence over the deceased. Such evidence is lacking in this case, and the appellant relies solely on a bare presumption. Our task is to determine whether this is the situation in which a bare presumption ought to overcome the routine act, common in everyday experience, of designating a beneficiary of life insurance provided through the insured’s employer on a group basis. Our holding is no broader than that. We think the trial judge wisely determined that if nothing more were forthcoming from these parties than a presumption on Clara’s part that because Jim and Rebecca were not legally married Rebecca must prove an absence of undue influence, and a contrary presumption on Rebecca’s that a couple living as husband and wife are presumed to be lawfully married that the designation regularly and *456 routinely made by Jim Hill to the employer’s insurance agent is entitled to enforcement by the courts. The annotation in 173 A.L.R. 716, while dealing with the right of the insured tó designate a mistress as beneficiary, a point not here in dispute, collects analogous cases and comments on Beatty as representative of a minority view. We think the writer of the annotation does not clearly distinguish the two issues of lawful designation and presumptive entitlement, but the cases will be instructive to the serious student.
Affirmed.
LILES, C. J., and PIERCE, J., concur.