PER CURIAM.
The appellant Fanney Bernal, the defendant below, appealed an adverse judgment. The action was filed against appellant by the administrator of the estate of one Rafael Roncallo, deceased, to recover a motel property which had been purchased by the decedent, taking title in himself and the appellant, jointly with right of survivor-ship. The decedent, who was a married man, had been living with the appellant in a meretricious relationship. The trial court granted judgment for the plaintiff, upon finding that the interest of the appellant in the real estate “was the result of undue influence by the defendant upon the decedent.” On consideration of the contentions of the appellant, in light of the record and briefs, we hold no reversible error has been shown, and affirm the judgment on au *767 thority of Beatty v. Strickland, 136 Fla. 330, 186 So. 542, and Benner v. Pedersen, Fla.App.1962, 143 So.2d 722.
The motion of the defendant for judgment made at the close of the plaintiff’s case was properly denied. The appellant argues that evidence brought out on cross-examination of a plaintiff’s witness sufficiently rebutted the presumption of undue influence in the transaction which was created by a showing by plaintiff of the meretricious relationship, and that without further evidence having been presented by plaintiff a prima facie case was not made out. We hold otherwise, because, in our view, the evidence thus referred to by the appellant was not sufficient to rebut the presumption. The evidence in question showed the decedent appeared to be in full possession of his faculties, knew what he was doing, and that it was his desire and intention to take title to the property in the manner in which it was taken. However, that evidence did not show or tend to show that the decedent’s demonstrated resolve to take title in that form was not unduly influenced.
The trial court did not, as contended by the appellant, misapply the applicable law. Upon considering all the evidence, the court found the presumption mentioned had been rebutted, “and, therefore, the matter must be resolved upon the greater weight of the evidence.”
The judgment comes to this court with a presumption of correctness. Whether a reviewing court, if it had been the trier of the facts, might have decided otherwise is not material, if the judgment of the trial court was based on competent substantial evidence. Upon an examination of the record in this case we are impelled to conclude the judgment was not contrary to the weight of the evidence, and is supported by competent substantial evidence.
Affirmed.