OPINION ON REHEARING
Previously, we affirmed the trial court’s order directing that the proceeds of life insurance purchased by Colonel Kenneth Johnson be paid to Dellona Johnson, his lawful wife at the time of Johnson’s death. We issue this opinion on rehearing in response to and in clarification of an issue raised in appellant’s motion for rehearing.
In August 1980, Colonel Johnson purchased a $10,000.00 life insurance policy, naming his wife, Dellona Johnson, the primary beneficiary. The record shows that the policy was numbered 0393200S. Thereafter, in the spring of 1983, Colonel Johnson removed his wife as the primary beneficiary on the policy and named appellant *1338 instead. In August 1985, Colonel Johnson signed an amendment to the policy raising the coverage to $20,000. The policy amendment contained in the record lists the policy number as 393200S.
In affirming the lower court’s order, we distinguished the instant case from the situation presented in Hill v. Hill, 222 So.2d 454 (Fla. 2d DCA 1969), in which the lawful wife of an insured challenged the designation of the insured’s putative wife as the beneficiary on a life insurance contract. Because Hill did not involve the substitution of a putative spouse or a paramour for a lawful spouse, we found it distinguishable.
However, appellant claims in her motion for rehearing that Hill is not distinguishable from the instant case. In support of that claim, appellant now argues, for the first time in the course of litigation between these parties, that the insurance policy in effect at the time of Colonel Johnson’s death was, in fact, a second and independent policy from the one originally purchased by Colonel Johnson for the benefit of his wife. As evidence of the existence of a second policy, appellant points to a policy contained in the record which bears the number 0176891. This policy does not contain a beneficiary designation.
It is well-established that a reviewing court cannot consider a matter raised by a movant for rehearing for the first time in the motion for rehearing. Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977). Furthermore, the record reveals that at trial appellant expressly argued that the claim to Colonel Johnson’s life insurance involved only one policy, not two. In its memorandum of law filed at trial, appellant argued that the additional $10,000.00 in benefits purchased after the initial policy was obtained did not constitute a second policy for “it was the intent and understanding of both parties to the initial contract [Colonel Johnson and John Alden] that the face amount of the original policy would be increased to Twenty Thousand Dollars ($20,000.00).” (emphasis in original). Appellant characterized the second policy number, 0176891, as the number “internally assigned” to the additional $10,000.00 in benefits, but that the entire $20,000.00 in proceeds applied to the “initial policy, policy No. 0393200-S.” Further, in the “Statement of The Case And Facts,” in her brief on appeal, appellant states: “Effective August 1, 1985, and after proper notification to John Alden by Colonel Johnson, ... an optional additional $10,000.00 in term life insurance was accepted by John Alden on Policy No. 0393200S, effectively bringing the total face amount of the life insurance policy to $20,000.00.”
Indeed, the documents contained in the record, such as the $20,000 check issued by the company for deposit in the circuit court registry and correspondence between the company and counsel, show that John Alden Life Insurance Company treated the entire amount in dispute, $20,000.00, as proceeds of policy number 0393200S, the policy purchased in August 1980 with the beneficiary designated as Dellona Johnson. In fact, the application made by appellant for payment of policy proceeds following Colonel Johnson’s death lists the policy number as 0393200S.
We find that the remaining arguments raised in the motion for rehearing constitute reargument of matters raised in the briefs, and as such, the arguments do not afford a basis for rehearing. Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983).
Accordingly, with the addition of the above recitation of facts and discussion, we adhere to our original decision and opinion, and appellant’s motion for rehearing is therefore DENIED.
ERVIN, J., and WENTWORTH, Senior Judge, concur.