[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10847
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20222-RNS

JANE TAYLOR,

Plaintiff-Appellant,

versus

JAMES MOSKOW,
Former Trustee of the Bencion M. Moskow 2004 trust,

Defendant-Appellee,

CORAL GABLES TRUST COMPANY,
c/o Judith Kenney, Registered Agent, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 31, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Appellant Jane Taylor sued her brother, Appellee James Moskow, in Florida state court for an accounting of a trust over which Moskow was once the trustee, pursuant to Fla. Stat. § 736.08135. Moskow removed the case to federal court, and the district court twice dismissed the complaint without prejudice for lack of personal jurisdiction but provided Taylor with the opportunity to amend the complaint. In the operative second amended complaint, Taylor requested an accounting and alleged claims of conspiracy and breach of fiduciary duty against Moskow. For the first time, she sought to join the current trustee, Coral Gables Trust Company, and Moskow's alleged co-conspirator, John Shupenko, as defendants. Taylor also moved to remand the case to state court because joinder of the new defendants defeated diversity subject matter jurisdiction. The district court dismissed the second amended complaint with prejudice for lack of personal jurisdiction, denied joinder of the trustee and Shupenko, and denied the motion to remand. On appeal, Taylor challenges the district court's denials of joinder and remand, as well as its dismissal of her action. After thorough review, we affirm.

The relevant facts are these. Moskow, a California citizen, served as trustee for the Bencion M. Moskow Trust from May 2004 to March 2013. The situs of the trust was in Massachusetts at that time. According to the complaint, Moskow

2

diverted money from the trust and never produced a proper accounting while he was the trustee. Jacqueline Moskow, Taylor and Moskow's mother, became trustee in June 2013 and moved the trust to Florida. Shupenko became Mrs. Moskow's financial advisor, and Taylor alleged that Moskow conspired with Shupenko to unduly influence Mrs. Moskow. Specifically, Taylor claimed that Mrs. Moskow never investigated her son's wrongdoing as trustee or requested an accounting from him, Moskow received distributions from the trust, Taylor was denied distributions, Mrs. Moskow said that Taylor's children would not receive trust funds even though Mrs. Moskow had previously paid for their schooling and living expenses, and Shupenko wrote checks for Mrs. Moskow that were returned for insufficient funds.

"We review a district court's decision regarding the joinder of indispensable parties for abuse of discretion." Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1039 (11th Cir. 2014). We review the denial of a motion to remand de novo. Blevins v. Aksut, 849 F.3d 1016, 1018 (11th Cir. 2017). We also review de novo whether the district court had personal jurisdiction over a nonresident defendant. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). In doing so, we accept as true the allegations in the complaint. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). We review any findings of fact made by the district court in reaching its

personal jurisdiction conclusion for clear error. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013).

First, the district court did not abuse its discretion by denying joinder of the current trustee and Shupenko as defendants. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The trustee, Shupenko, and Taylor are all citizens of Florida, so the district court had the option to deny joinder or permit it and remand to state court. The court did not abuse its discretion by choosing the first option because Taylor did not attempt to join the trustee and Shupenko until October 2016, well after the May 2016 deadline set by the court's scheduling order.

Federal Rule of Civil Procedure 16(b) allows an amendment outside the date specified in the scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, Taylor did not seek leave of the court before attempting to join new defendants. Furthermore, Taylor did not demonstrate good cause for the late joinder of the parties. The record demonstrates that Taylor was aware of the roles of the current trustee and Shupenko throughout the litigation. Taylor argues that she was hesitant to join the current trustee and Shupenko as defendants because joinder would destroy the district court's diversity jurisdiction. But this concern is irrelevant since Taylor originally filed suit in state court, and

4

Moskow removed the action to federal court.  As for Taylor's argument that she joined the parties for the first time in her second amended complaint because the district court directed her to do so in its second dismissal order, the record refutes it.  The district court did not address whether Shupenko was an indispensable party in its order.  The court did point out that the current trustee was an indispensable party to the action, but it did not direct Taylor to add new parties.  In any event, "we have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion."  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011).  On this record, the district court did not abuse its discretion by denying joinder of the current trustee and Shupenko as defendants.

Moreover, Taylor requested remand because joinder of the new defendants would destroy subject matter jurisdiction.  Because the district court did not abuse its discretion in denying joinder, it properly retained subject matter jurisdiction. Thus, the district court did not err by denying the motion to remand.

Nor did the district court err in determining that it did not have personal jurisdiction over Moskow.  "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States

5

Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." Lockard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir. 1998). The Florida long-arm statute provides two bases for personal jurisdiction: specific and general jurisdiction. PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808 (11th Cir. 2010). On appeal, Taylor relies on theories of specific jurisdiction.

First, Taylor's claim alleging that Moskow and Shupenko were engaged in a conspiracy did not allow the district court to exercise personal jurisdiction over Moskow. "In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." Id. (quotation omitted). Generally, an actionable civil conspiracy requires an allegation of an actionable underlying tort or wrong. Walters v. Blankenship, 931 So. 2d 137, 140 (Fla. App. 2006).[1] In the relevant complaint, however, Taylor did not allege a tort underlying the conspiracy claim.

---

[1] Florida courts recognize a civil conspiracy where the complaint shows that the conspirators had some "peculiar power of coercion" by virtue of their combination, which the conspirators would not possess individually. Walters, 931 So. 2d at 140. However, Taylor has not argued that this exception applies.

6

For starters, Taylor inadequately alleged that Moskow and Shupenko conspired to breach a fiduciary duty while Mrs. Moskow was trustee, because Moskow did not have a fiduciary duty to Taylor after he was removed as trustee and Shupenko did not owe Taylor a fiduciary duty due to his position as her mother's financial advisor. To the extent that Taylor alleged that Shupenko and Moskow conspired to unduly influence Mrs. Moskow's performance as trustee, her allegations were insufficient. To constitute undue influence, the mind must be so controlled or affected by persuasion, pressure, fraud, or influence that the person "is not left to act intelligently, understandingly, and voluntarily, but subject to the will or purposes of another." Taylor v. Johnson, 581 So. 2d 1333, 1334–35 (Fla. App. 1990) (quotation and citation omitted). The complaint contained no allegations that Mrs. Moskow could not act intelligently, understandingly, or voluntarily. Because Taylor failed to state a claim for conspiracy, that count was beyond the reach of Florida's long-arm statute. PVC Windoors, Inc., 598 F.3d at 808.

The district court also lacked personal jurisdiction over Moskow under the various subsections of Fla. Stat. § 48.193(1)(a). We disagree that Moskow submitted himself to the jurisdiction of Florida courts for a cause of action arising from the defendant "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida. Fla. Stat. § 48.193(1)(a)1. In order for this

subsection to apply, Moskow's activities must show a general course of business activity in Florida for pecuniary benefit. Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005). Factors to consider in making this determination include: (1) "the presence and operation of an office in Florida"; (2) "the possession and maintenance of a license to do business in Florida"; (3) "the number of Florida clients served"; and (4) "the percentage of overall revenue gleaned from Florida clients." Id. However, the complaint contained no allegations that Moskow had an office in Florida, a license to do business in Florida, Florida clients, or revenue from Florida clients.

Nor did the district court have personal jurisdiction over Moskow because he committed a tortious act within the state. See Fla. Stat. § 48.193(1)(a)2. "In analyzing whether tortious conduct has occurred within Florida, courts have looked to whether the nonresident defendant committed a substantial aspect of the alleged tort in Florida." NHB Advisors, Inc. v. Czyzyk, 95 So. 3d 444, 448 (Fla. App. 2012) (quotation omitted). In the second amended complaint, Taylor alleged that Moskow failed to perform a proper accounting of the trust and breached a fiduciary duty. Moskow's failure to perform an accounting occurred when he was trustee, and the trust's situs was in Massachusetts. Additionally, Moskow did not have a fiduciary duty to Taylor after he was removed as trustee, so that tort was committed in Massachusetts. Even though Taylor, a Florida citizen, alleged that

8

she was harmed by Moskow's actions, Florida courts have recognized that "the existence of an injury within Florida, standing alone, is insufficient to support jurisdiction over an out-of-state tortfeasor." Kountze v. Kountze, 996 So. 2d 246, 252 (Fla. App. 2008) (en banc). Similarly, Moskow did not subject himself to personal jurisdiction in Florida under § 48.193(1)(a)7 because he did not "[b]reach[] a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]." Moskow's failure to provide an accounting and alleged breaches of his fiduciary duty occurred when he was trustee and the trust was located in Massachusetts.

We are also unpersuaded that the district court had personal jurisdiction under § 48.193(1)(a)3 due to Moskow "[o]wning, using, possessing, or holding a mortgage or other lien on any real property" in Florida. In an affidavit, Taylor said that Moskow was a lessee or guarantor of a lease agreement for a Miami, Florida property from 2011 to 2013. However, she did not allege in her affidavit or the complaint that any cause of action arose from Moskow's lease of the Miami property, as required by Florida law. See Caiazzo v. Am. Royal Arts Corp., 73 So. 3d 245, 256 (Fla. App. 2011).

Finally, the district court did not have personal jurisdiction over Moskow under Fla. Stat. § 48.193(4) because he was a named defendant in a probate action concerning Mrs. Moskow's estate. The statute provides:

9

> If a defendant in his or her pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant.

Fla. Stat. § 48.193(4).  Even if Moskow sought affirmative relief in the Florida probate action, this statute does not give any Florida court personal jurisdiction over him in any action.  Based on the plain language of the statute, if a defendant raises a claim unrelated to a plaintiff's initial claims, the plaintiff can then assert unrelated claims in the same suit, and the court has personal jurisdiction over the defendant for the unrelated claims in the same case.  It does not give any Florida court personal jurisdiction over the defendant in other cases.

Because the Florida long-arm statute did not provide the district court with personal jurisdiction over Moskow, the district court properly dismissed the action.  Accordingly, we affirm the ruling of the district court.

**AFFIRMED.**